UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KARILIN FRICA SANCHEZ, SHAWANNA
DILWORTH, NELSON FORASTIERI, ANDRE
LASHLEY, TOMMY MIRANDA, RENEE DAVIS,
RODNEY WILLIAMS, and MARY ESTEVEZ,
individually and on behalf of all others similarly
situated,

Index No.: 14 CV 5006 (JMF)(RLE)

Plaintiffs,

- against -

ASA COLLEGE, INC., ALEX SHCHEGOL,
VICTORIA KOSTYUKOV, VICTORIA
SHTAMLER, ROBERTO DUMAUAL, LESIA
WILLIS-CAMPBELL, JOSE VALENCIA,
SHANTHI KONKOTH, MARK MIRENBERG,
ALLA SHCHEGOL, ROBERT FAYNBLUT,
DUWAYNE CARTHAN, ANTHONY DALTON,
and JOHN and JANE DOES 1 AND 2,

Defendants.

---

**DEFENDANTS' RESPONSE TO THE STATEMENT OF INTEREST
OF THE UNITED STATES OF AMERICA**

JOHNSON GALLAGHER MAGLIERY LLC
Steven D. Johnson, Esq.
Peter J. Gallagher, Esq.
75 Broad Street - 20th floor
New York, New York 10004
(212) 248-2220

*Attorneys for Defendants*

19518

We respectfully submit this memorandum on behalf of the defendants ("**Defendants**") in response to the Statement of Interest of the United States of America (the "**Government**"), dated January 23, 2015 (the "**Statement**").[1]

## PRELIMINARY STATEMENT

The Statement addresses one of the arguments the Defendants advanced in support of their Motion to Dismiss the Complaint – the contention that the Defendants should not be able to pursue their claims in court because they are based entirely on alleged violations of the HEA, which does not provide for a private right of action, except for claims brought by or against the Secretary.  The Government argues that the HEA does not preempt federal or state law, yet Defendants have not argued for dismissal based on the doctrine of preemption. Rather, Defendants' argument is based on case law standing for the narrower proposition that claims that are based entirely on alleged violations of the HEA should not be allowed to proceed in court – even if they are styled as arising from some other federal or state law – because they are, of their essence, claims for violations of the HEA, and, as such, are not claims for which Congress intended to create a private right of action.

The Government depicts Defendants' argument too sweepingly when it claims Defendants' argue that any claim that "touches upon HEA-related issues" (Statement at 2) cannot be brought to court.  Rather, Defendants argue that claims that are based *entirely* on alleged HEA violations – and that turn on matters that the Secretary was clearly intended to decide (such as whether a school qualifies for HEA participation) – should not be allowed in Court because that would be inconsistent with the congressional intent, as reflected by, *inter alia,* its delegation of authority to the Secretary to resolve such claims administratively and its decision to confer a private right of action for violations of the HEA only for claims brought by

---

[1] Capitalized terms have the same meaning as in Defendants' moving papers.

19518

or against the Secretary. Under these circumstances, as several courts have held in decisions that the Government cannot meaningfully distinguish (*i.e.*, *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217 (11th Cir. 2002); *New York Inst. of Dietetics, Inc. v. Great Lakes Higher Educ. Corp.*, No. 94 Civ. 4858 (LLS), 1995 WL 562189 (S.D.N.Y. Sept. 21, 1995); and *Anyakora v. Sallie Mae Corp.*, 255 F. Appx. 457 (11th Cir. 2007)), claims that are effectively carbon copies of claims for violation of the HEA should be dismissed.[2]

The Government tries to distinguish certain analogous cases that arise in the context of statutes other than the HEA by arguing that the statutes at issue in those cases provided a formal and exclusive procedure by which the complainant could seek redress, as opposed to the HEA, which provides a student with the right to make a complaint, and arms the Secretary with extensive remedies to address any wrongdoing that it finds, but leaves to the Secretary the decision of whether to take action.  But the formality of the complaint process was not what those cases turned upon, as they were instead based primarily on the fact that under the statutes there at issue, like the HEA, there was a right to file a complaint, the regulatory agency had extensive remedies to address a complaint and fashion a remedy, and there was no private right of action.

The Government also challenges the Defendants' contention that students who are unhappy with the Secretary's administrative handling of a complaint (or failure to pursue a complaint) can sue the Secretary in Court to challenge the Secretary's action or inaction.  The Government contends that such claims cannot be brought under the Administrative Procedure Act ("**APA**"), but ignores the fact that they can be brought under the HEA itself.  Moreover, the

---

[2] The Government claims that the Complaint does not state a cause of action under the HEA.  However, virtually every paragraph of the Complaint, if true, would constitute a violation of the HEA.  *See* Johnson Decl., dated October 31, 2014, (ECF No. 49), Ex. 4.  In fact, many paragraphs of the Complaint recite provisions of the HEA. See Defendants Reply Memorandum of Law, dated December 19, 2014 (ECF No. 59) at 4.

PCLAW-19518

Government's arguments concerning the APA are not entirely accurate and numerous courts have allowed plaintiffs to sue the Secretary pursuant to the APA despite the broad discretion granted to the Secretary in handling student complaints.

## ARGUMENT

### A.      Defendants' Argument is Not Based on the Doctrine of Preemption.

The bulk of the Statement argues that the HEA does not preempt federal or state laws, thereby conflating the critical distinction between preemption and private rights of action.  In each of Defendants' prior submissions they have made it clear that they are not arguing that the HEA preempts Plaintiffs' claim.  Rather, Defendants have argued that because the HEA provides no expressed or implied private right of action – and authorizes the Secretary to enforce the HEA using the wide array of enforceable tools provided it (*see* Statement at 4; Defendants' Memorandum of Law, dated October 31, 2014 (ECF No 50) at 3-6) – Plaintiffs' sole remedy for grievances based on violations of the HEA is to pursue the administrative remedies provided for in the HEA.

Whether a statute allows for a private right of action or whether a federal statute preempts other law requires very different analyses.  A claim of preemption "asserts that a federal statute has taken away local authority to regulate a certain activity."  *Western Air Lines, Inc. v. Port Auth. of N.Y. & N.J.*, 817 F.2d 222, 225-26 (2d Cir. 1987).  By contrast, the private right of action doctrine asks whether a statute expressly or implicitly provides a right to bring an action in court for alleged violations of that statute or whether an administrative agency is given exclusive authority to resolve alleged statutory violations and fashion a remedy.  *Id.*  Thus, the Government's assertions about the inapplicability of the preemption doctrine are irrelevant.

3

**B.**     **Plaintiffs' Rico and DTPA Claims Based on Violations of the HEA Raise Issues That Can Only Be Determined by the Secretary.**

The Government in its Statement asks whether a plaintiff can assert a federal or state law claim "based on allegedly fraudulent acts and misrepresentations that may also violate the HEA and its regulations."  (Statement at 6.)  The answer to this question turns on an interpretation of congressional intent – specifically, whether Congress intended to make the remedies provided for in the HEA – the exclusive remedies available to participants.[3]  Yet, the cases the Government cites (Statement at 10) have no bearing on this issue as they involve questions of preemption.[4]

The *N.Y. Inst. of Dietetics* case squarely addressed this issue.  There, the court found that the plaintiff was attempting to circumvent the administrative remedies provided for in the HEA by "packaging" their claim as RICO and state law claims.[5]  *N.Y. Inst. of Dietetics*, 1995 WL 562189 at *2.  The *N.Y. Inst. of Dietetics* court looked at the allegations of fraud underlying the RICO and state law claims and found that (as in this case) they consisted of "violations of [the] HEA and statements denying or concealing those violations."  *Id.* at *4.  The court determined that the issues it was being asked to resolve were issues that Congress intended the Secretary to

---

[3] The Government also cites several cases for the proposition that one federal statute cannot "preempt" another federal statute, and thus the HEA does not displace the right to bring suit under another federal statute.  (*See* Statement at 12-13.)  Defendants have not argued this to be the case.  What Defendants do argue is that Plaintiffs' claims based on HEA violations cannot proceed in light of the HEA's enforcement scheme granting the Secretary authority to remedy violations and the HEA's lack of a private right of action.

[4] The only two exceptions cited by the Government are *Arroyo v. Solomon & Solomon, P.C.*, No. 99-CV-8302 (ARR), 2001 WL 1590520 (E.D.N.Y. Nov. 16, 2001) and *Rodriguez v. McKinney*, 878 F. Supp. 744 (E.D. Pa. 1995), and neither of them shed light on this question.  *Arroyo* involved a RICO claim that was based not on alleged violations of the HEA, but, instead, a federal statute (the Fair Debt Collection Practices Act) that provides for a private right of action.   *Rodriguez* was decided in entirely conclusory terms without any discussion of the court's reasoning or citation to any supporting authority.

[5] *See also McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1226 (11th Cir. 2002) (finding that  mail and wire fraud claims were nothing more than purported HEA violations pled in RICO terms); *Bible v. United Student Aid Funds, Inc.*, No. 1:13-CV-00575-TWP, 2014 WL 1048807, at *5-6 (S.D. Ind. Mar. 14, 2014) (finding that even "when recharacterized as breach of contract or RICO claims" there is no private right of action for violations of the HEA).

PCLAW-19518

address using the wide array of enforcement tools that Congress provided the Secretary in order

to contend with violations of the HEA.[6] *N.Y. Inst. of Dietetics*, at *4.

   The Government attempts to distinguish *N.Y. Inst. of Dietetics* by claiming that, in this

case, unlike that one, the Court "need not determine whether Plaintiffs have violated the HEA."

(Statement at 15.)  That is an unsupportable statement given that in virtually every paragraph of

the Amended Complaint the Defendants either recite sections of the HEA verbatim, or allege that

the Defendants either failed to disclose the information that the HEA regulations require be

disclosed; made statements that, if true, would constitute violations of the HEA; or represented to

the Secretary that ASA satisfies HEA regulations, when in fact, according to Plaintiffs, it did not.

And, the questions posed in this case are fundamentally ones that Congress clearly intended the

Secretary to resolve, including whether ASA is an "eligible institution" entitled to receive loans

and grants under HEA programs (20 U.S.C. § 1085; 34 C.F.R. § 668.8); whether ASA's

programs prepare students for "gainful employment in a recognized occupation (34 C.F.R. §

668.7); " whether ASA accurately represents the nature of its academic programs, its financial

charges, and the employability of its graduates (34 C.F.R. § 668.71-74); whether ASA's

mandatory financial and program audits comply with the terms of the HEA (34 C.F.R. § 668.14);

whether ASA has complied with its obligations under the Program Participation Agreement with

the Secretary (34 C.F.R. § 668.14); and the accuracy of ASA's CDR (34 C.F.R. §§ 668.183-186;

34 C.F.R. §§ 668.202-205).

---

[6] In deciding to dismiss the RICO claim, the *N.Y. Inst. of Dietetics* court also noted that the RICO statute (18 U.S.C. 1962), while including mail and wire fraud as a predicate acts, did not include violations of the HEA. *Id.* at *4. Therefore, the court sought to "determine whether the violation of law underlying the fraud is one upon which the court may exercise jurisdiction." *Id.*  The court decided that HEA "violations cannot form the basis of a RICO claim" because the court would not have jurisdiction to determine if they occurred and fashion a remedy for them where Congress had not provided for a private right of action in the HEA. *Id.*

Nor can the Government distinguish *McCulloch,* in which the Eleventh Circuit dismissed RICO claims because they were based on alleged violations of the HEA.  While the court in *McCulloch* did consider whether the RICO claim stated a valid cause of action leaving the HEA issue aside, it also assumed *arguendo* that the RICO claim did state a cause of action and then asked whether the HEA overlap should lead to the dismissal of the RICO claim.  *McCulloch,* 298 F.3d at 1226-27.  It answered that question in the affirmative, finding that Congress – by providing an extensive network of administrative remedies and opting not to provide a private right of action (except for claims against the Secretary) – indicated an intent that claims that are based entirely on alleged violations of the HEA should not proceed in court.  *Id*. at 1227.  This intent, the court found, would be frustrated if a plaintiff were allowed to pursue claims for violations of the HEA under the RICO statute.  *Id.*  This is the crucial aspect of the *McCulloch* decision, yet the Government does not address it at all, much less distinguish it in a meaningful way.  (Statement at 15-16.)  Moreover, the Government does not even attempt to distinguish *Anyakora v. Sallie Mae Corp.*, 255 F. App'x 457, 458 (11th Cir. 2007), in which the court dismissed claims that it found "were simply HEA violations pled in other terms."

## C.    Students Can Sue the Secretary in Court.

The Government challenges without basis the Defendants' assertion that a student who is unhappy with the Secretary's handling (or non-handling) of an administrative complaint[7] can sue the Secretary in court.  In fact, a student can assert such a claim against the Secretary directly pursuant to HEA (20 U.S.C. § 1082(a)(2))[8] or can, in certain circumstances, sue the Secretary pursuant to the APA.[9]

---

[7] As the Government notes in its Statement, a student is free to lodge a complaint with the Secretary by calling "a hotline number or send[ing] a complaint to the ED Office of the Inspector General."  (Statement at 8 n.5.)

[8] The statute states the following with regard to suing the Secretary:  (a) General powers; In the performance of, and with respect to, the functions, powers, and duties, vested in him by this part, the Secretary may -… (2) sue and be

PCLAW-19518

Courts have long recognized that the HEA permits HEA participants (including students) to sue the Secretary in Court, and that this is a primary means for HEA participants to contest the Secretary's action or inaction on a student's complaint.  For instance, in *Halzack Watkins v. Educ. Credit Mgmt. Corp.*, No. 2:09CV472, 2010 WL 2520653, at *3 (E.D. Va. 2010), the court dismissed the action based on HEA violations for lack of a private right of action but counseled the student-plaintiff that "[t]o the extent that Plaintiff contests the Department of Education's actions in this matter, she may bring a complaint against the Secretary of Education pursuant to 20 U.S.C. § 1082(a)(2) or may seek review of its administrative ruling pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(2)").  Likewise, in *Slovinec v. DePaul Univ.*, 332 F.3d 1068, 1069 (7th Cir. 2003) the court, citing 20 U.S.C. § 1082(a)(2), stated that the HEA does not authorize litigation by a private plaintiff against anyone other than the Secretary.  "If the Secretary is not doing his job in holding recipients [*i.e.*, colleges] to the conditions of federal support, then complaint should be made of the Secretary and may be renewed in court if the Secretary declines to act and if the would-be plaintiff has standing."[10]  *Slovinec*, at 1069.

The Government does not address a participant's right to invoke the HEA to sue the Secretary, but argues that a participant cannot do so under the APA because such suits are

---

sued ... in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy ...; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control....  20 U.S.C. § 1082(a)(2).

[9] Regarding the Government's argument concerning the False Claims Act, there is nothing inconsistent between Defendants' position and cases allowing False Claims Act actions to proceed in the area of higher education.  (*See* Statement at 16.)  Courts have stated that given that the HEA does not permit a private right of action, as long as the plaintiff can establish that a defendant's "conduct constitutes a violation of the FCA," rather than just a violation of the HEA, such a claim is not barred.  *U.S. ex rel. Gibson v. Colorado Student Loan Program*, No. 95 N 231, 1996 WL 944285, at *5 (D. Colo. May 3, 1996).  Plaintiffs' cases concerning the FCA are not inconsistent with this position.

[10] As explained in *Jackson v. Culinary School of Washington*, 788 F. Supp. 1233, 1260 (D.D.C. 1992), *remanded on other grounds*, 27 F.3d 573 (D.C. Cir. 1994), *vacated on other grounds*, 515 U.S. 1139 (1995), "Congress also considered the possibility of student complaints … and determined that the Secretary should screen such complaints prior to undertaking enforcement action ....  In any event, by including this 'screening' provision in the HEA, Congress envisioned the Secretary, and not the students, to be the focal point for the initiation of any corrective action."  *Id.*

PCLAW-19518

supposedly barred when the underlying statute grants the regulatory authority discretion in the handling of a certain matter.  (Statement at 19-20.)  That is not a fully accurate statement of the law. In fact, in the context of the HEA specifically, Courts have affirmed the right of a student to challenge Secretary's actions in Court (based on an arbitrary and capricious standard) even for matters with respect to which the Secretary does have discretion.  *See, e.g., De La Mota v. U.S. Dep't of Educ.*, No. 02 CIV. 4276 (LAP), 2003 WL 21919774 (S.D.N.Y. Aug. 12, 2003) (finding that the APA provided student borrowers with a statutory basis for seeking declaratory relief challenging Secretary's actions), *rev'd on other grounds*, 412 F.3d 71 (2d Cir. 2005); *Gill v. Paige*, 226 F. Supp. 2d 366 (E.D.N.Y. 2002) (allowing discovery to go forward on students' APA claim that Secretary's action was arbitrary and capricious).

The only APA case cited by the Government involving the HEA is *Salazar v. Duncan*, No. 14 Civ. 1230 (RWS), 2015 WL 252078 (S.D.N.Y. Jan. 16, 2015), which was an action brought by Plaintiffs' counsel in this action against the Secretary directly.  That case involved a discrete section of the HEA regarding whether the DOE should discharge a group of student loans in bulk after the school had been investigated by the DOE's Office of the Inspector General and subsequently found to be in criminal violation of several HEA regulations.  The *Salazar* court dismissed the action because it found that the HEA did not require the Secretary to discharge the student loans in bulk.[11]  *Salazar*, at *14.  That narrow ruling has no bearing on

---

[11] The Government also argues that the Plaintiffs would not have a viable cause of action under the APA because the APA does not allow claims for monetary damages.  (Statement at 18-19.)  This limitation under the APA only applies to certain types of money damages. A plaintiff may request specific relief, including the reimbursement of specific money.  *See Sanon v. Dep't of Higher Educ.*, No. 06-CV-4928 (SLT), 2010 WL 1049264, * 4 (E.D.N.Y. March 18, 2010) (stating that the APA waives the United States' sovereign immunity where a plaintiff seeks reimbursement of a specific sum rather than purely money damages also (citing *Bowen v. Mass.*, 487 U.S. 879, 910 (1988))), *aff'd*, 453 F. App'x 28 (2d Cir. 2011).

PCLAW-19518

whether other students asserting different claims may have a right to sue the Secretary pursuant

to the APA.[12]

## CONCLUSION

For these reasons and those set forth in Defendants' prior submissions, Plaintiffs'

Amended Complaint should be dismissed.

Dated: New York, New York
       February 2, 2015

                                        JOHNSON GALLAGHER MAGLIERY LLC


                                        By: _____s/Steven D. Johnson_____
                                                Steven D. Johnson  (SJ7178)
                                                Peter J. Gallagher   (PG8927)
                                        75 Broad Street – 20th Floor
                                        New York, New York 10004
                                        Tel: (212) 248-2220
                                        sjohnson@jgmlaw.com
                                        pgallagher@jgmlaw.com

                                        *Attorneys for Defendants*

---

[12] The Government asserts that Plaintiffs' may not be able to assert a mandamus action because it cannot be shown how the Secretary would owe Plaintiffs a "clear duty" to investigate a student-filed complaint.  (Statement at 20.) However, in light of the other remedies available to the Plaintiffs under the HEA regulations and under the APA, there would be no reason to resort to mandamus relief.

9